FILED
SUPERIOR COURT
OF GUAM

2026 APR -3 PM 2:38

CLERK OF COURT

By:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **KELLY CHOI ENTERPRISES, INC.,** | **CIVIL CASE NO. CV0693-24** |
| Plaintiff, | |
| vs. | |
| **TENJUDO, INC., dba TENJUDO SPA,** | |
| Defendant. | **DECISION AND ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| **TENJUDO, INC., dba TENJUDO SPA,** | |
| Counterclaimant, | |
| vs. | |
| **KELLY CHOI ENTERPRISES, INC.,** | |
| Counterclaim Defendant. | |

This matter came before the Honorable Dana A. Gutierrez upon a Motion for Partial Summary Judgment ("Motion") by Defendant Tenjudo, Inc. ("Defendant"). The Court held a hearing on the Motion on January 6, 2026. Present at the hearing was Attorney Georgette Concepcion on behalf of Plaintiff Kelly Choi Enterprises, Inc. ("Plaintiff") and Attorney Jon Visosky on behalf of Defendant. Upon reviewing counsel's arguments, the record, and applicable law, the Court issues the following Decision and Order.

## BACKGROUND

The dispute arises from a commercial lease between Plaintiff, the owner of the property at issue, and Defendant, which operated a therapeutic massage business on that property for approximately ten years. *See* Compl. at 1 (Dec. 20, 2024).

The original lease term began on June 11, 2014 "for a term of five years with an option to renew for an additional four years." *See* Compl. at 1. "On or about September 5, 2023, the [P]arties entered a second lease for a term of eight months beginning June 11, 2023." *See id.* The Parties agree that for the purposes of this Motion, the terms of the September 5, 2023 lease ("Lease") control. *See* Min. Entry at 10:46:25 A.M. (Jan. 6, 2026) (Defendant is "moving [for partial summary judgment] on the current lease."); *id.* at 10:47:24 A.M. (The Lease and the former June 11, 2014 lease between the Parties "include[] the same clauses" that Defendant invoked in support of its Motion.).

The Lease contains provisions governing the condition of the premises upon termination of the tenancy. In particular, Section 9.1 of the Lease ("Section 9.1") requires the tenant to surrender the space at the end of the term and remove tenant improvements so that the premises are restored to the "same and similar order" as they were before the tenant first improved or occupied the premises, subject to exceptions for reasonable wear and tear or damage caused by unavoidable casualty not capable of timely repair. *See* Mot. at 2.

Following the termination of the tenancy, Plaintiff filed a complaint alleging breach of contract based on Defendant's alleged failure to restore the premises to the condition required under the lease. *See* Compl. at 2–3. Plaintiff contends that Defendant caused substantial damage to the leased space and the building itself and failed to repair or restore the premises before

2

vacating. *See id.* at 2. Plaintiff asserts that the damage included removed ceiling tiles and lighting, alterations to walls and floors, plumbing and air-conditioning modifications, damage to exterior walls and windows, removal of fixtures and equipment, and other alterations allegedly exceeding normal wear and tear. *See* Pl.'s Opp'n to Def.'s Mot. for Partial Summ. J. at 1–2 ("Opp'n") (Aug. 29, 2025). Plaintiff further claims that the cost of repairing the premises exceeds $80,000. *See id.* at 4.

Defendant filed the present motion seeking partial summary judgment on the portion of Plaintiff's breach of contract claim alleging "substantial damage" to the leased premises. *See* Mot. at 1. Plaintiff opposed the Motion on August 29, 2025. *See* Opp'n at 1. Defendant replied on September 12, 2025. *See* Reply at 1 (Sep. 12, 2025). The Court took the matter under advisement on January 6, 2026.

## DISCUSSION

### I. Legal Standard for Summary Judgment

Summary judgment shall be granted if the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Guam R. Civ. P. 56(a).

"In rendering a decision on a motion for summary judgment, the court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Quijano v. Atkins-Kroll, Inc.*, 2008 Guam 14 ¶ 6 (citation omitted). "A genuine issue precluding summary judgment exists if there is sufficient evidence which establishes a factual dispute requiring resolution by a fact-finder." *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Cyfred, Ltd.*, 2015 Guam 7 ¶ 39 (citation and quotation omitted). Conversely, "[a] party is entitled to summary

judgment where 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *DFS Guam L.P. v. A.B. Won Pat Int'l Airport Auth.*, Guam, 2020 Guam 20 ¶ 35 (citing Guam R. Civ. P. 56(c)).

"The party moving for summary judgment bears the initial burden to show that undisputed facts in the record support a *prima facie* entitlement to the relief requested. If the movant satisfies this burden, the burden then shifts to the [non-movant] to show that there exists a material question of fact that would preclude the grant of summary judgment. When a defendant moves for summary judgment on the claims of a plaintiff, it satisfies its burden by either (1) presenting evidence that negates an essential element of the plaintiff's claim or (2) demonstrating that the plaintiff's evidence is insufficient to establish an essential element of the claim." *Cho v. Alupang Beach Club, Inc.*, 2025 Guam 3 ¶ 28 (citations and quotations omitted) (alteration in original).

## II. Defendant Has Not Met Its Burden of Establishing a *Prima Facie* Entitlement to Partial Summary Judgment

Defendant argues it is entitled to partial summary judgment because Section 9.1 required only that the premises be surrendered "to the same and similar order" as before Defendant first improved or occupied the space, except for reasonable wear and tear, and Defendant's evidence shows Defendant satisfied that standard when it vacated. *See* Mot. at 4–5 (citing the August 1, 2025 Declaration by Jing Hu and a "thumb drive video").

The Court finds that Defendant has not carried its burden of "presenting evidence that negates an essential element of the plaintiff's claim." *See Cho*, 2025 Guam 3 ¶ 28. Specifically, Defendant is seeking a "partial summary judgment on the 'substantial damage' part of [Plaintiff's] breach of contract claim." In arguing that the premises did not incur "substantial damage" as

4

Plaintiff is claiming, Defendant submitted a video showing the *current* state of the premises. *See* Decl. of Jon A. Visosky (Aug. 1, 2025). Jing Hu, President of Defendant, declared that "the premises was restored to the same and similar order as it was before [Defendant] first improved or occupied the premises . . . ." *See* Decl. of Jing Hu (Aug. 1, 2025).[1] This evidence does not suffice to negate the alleged "substantial damage" because it only shows how the premises appeared at the time Defendant vacated, without any meaningful comparison to the condition of the premises *prior* to Defendant's occupancy or improvements.[2] Absent such a baseline, Defendant cannot establish that the condition depicted reflects compliance with Section 9.1, which explicitly requires Defendant to restore the premises to the "same and similar order as it was before [Defendant] first improved or occupied it." *See* Mot. at 2. Accordingly, Defendant has failed to meet its initial burden of demonstrating a *prima facie* entitlement to partial summary judgment.

Defendant further contends that, even if any damage to the premises existed, such damage constituted "reasonable wear and tear or damage by unavoidable casualty not able to be repaired in time." *See* Reply at 5. In support, Defendant relies on the thumb drive video purporting to show the condition of the premises at the time it was vacated. *See id.* The Court has reviewed this nineteen-second video and finds that it does not dispel all factual disputes as to whether any damage fell within the scope of permissible "reasonable wear and tear." The video is brief, limited in scope, and lacks sufficient detail or context to conclusively establish the extent or cause of any

---

[1] The Court notes that Ms. Hu's Declaration largely tracks the language of the Lease and does not appear to offer any additional factual detail. *Cf.* Mot. at 2 (Tenant agrees to "restore[] the premises to the same and similar order as it was before Tenant first improved or occupied it, with exceptions for reasonable wear and tear or damage by unavoidable casualty not able to be repaired in time.") (quoting Section 9.1).

[2] Defendant itself agrees as much: "Essential to prove a breach of such a covenant, it is necessary that the condition of the property at the time of its possession was given to the tenant be shown, in order that the difference in its condition when given to the tenant as compared to that when returned can be determined as to whether it was 'usual wear, damage or injury,' or not." Reply at 2 (citing *Poesy v. Closson*, 374 P.2d 710, 711–12 (Idaho 1962)).

alleged damage. Moreover, without evidence of the premises' condition prior to Defendant's occupancy or improvements, the Court cannot determine whether the observed condition falls within the Lease's exception for "reasonable wear and tear." Accordingly, because Defendant's proffered evidence does not suffice to negate Plaintiff's allegation that the premises incurred "substantial damage," Defendant has not carried its burden of proof and partial summary judgment is **DENIED** on this ground alone.

### III. Plaintiff Has Presented Sufficient Evidence to Show a Genuine Dispute of Material Fact

Even assuming that Defendant has carried its burden of showing *prima facie* entitlement to partial summary judgment, the Court finds that Plaintiff has produced enough evidence to establish that a genuine dispute as to "substantial damage" exists. Specifically, Juanita Choi, the President of Plaintiff, declares that she personally inspected the leased space before Defendant moved in and that, at that time, the premises were clean, not in need of repairs, and fully ready for occupancy, subject only to modifications made by Defendant to create private massage areas. Decl. of Juanita Choi ¶¶ 5–6 (Aug. 29, 2025) ("Choi's Decl."). She further identifies, with specificity, numerous conditions that she contends did not exist at the outset of the tenancy, including removed condenser units, damaged or missing ceiling tiles and fluorescent lights, wall and floor tile installations, unrepaired floor sections, holes drilled through walls, altered drainage, a replaced door, removed toilets and shelves, exposed sewer and water lines, and added interior walls. *Id.* ¶ 4. She also states that repair estimates for the claimed damages "exceed $80,000." *Id.* ¶ 7. Taken together, this evidence is sufficient to create a genuine dispute as to the premises' original condition and whether the condition on surrender reflected deterioration beyond reasonable wear and tear.

Nevertheless, Defendant contends that Plaintiff has provided the Court "with no direct, objective or reliable evidence of the condition of the property at the time its possession was delivered to Tenjudo." Reply at 3. In essence, this argument urges the Court to disregard Ms. Choi's first-hand observations of the premises. However, such disregard is improper. *See, e.g.*, *Buehlman v. Ide Pontiac, Inc.*, 345 F. Supp. 3d 305, 312 (W.D.N.Y. 2018) ("Indeed, a declaration by an individual with personal knowledge is sufficient to support a motion for summary judgment."); *Smith v. Godinez*, 2023 WL 358792, at *4 (N.D. Ill. Jan. 23, 2023) ("Personal knowledge, especially when detailed and specific, is sufficient to rebut a motion for summary judgment.").

Here, Juanita Choi declared from her personal knowledge of the condition of the premise at the time that it was delivered to Defendant. *See, e.g.*, Choi's Decl. at 1 ("I make this declaration upon my own personal knowledge."); *id.* at 3 ("I personally inspected the Leased space before Tenjudo moved in."). Accordingly, the Court finds that Plaintiff has submitted evidence that raises a genuine dispute of material fact. Granting partial summary judgment in favor of Defendant is therefore improper.

Defendant also contends that because "[Plaintiff] has had access to the premises for over 10 years, and never objected to any improvement or alteration done by [Defendant]," Plaintiff has consented to "[a]ny improvement or alteration [done] to the premises." *See* Reply at 2. This argument is problematic on two grounds. First, the Court is not persuaded that mere access to the premises, without more, establishes that Plaintiff was aware of the specific improvements or alterations at issue, let alone that Plaintiff consented to them.[3] Second, the damages identified by

---

[3] The Court also notes that apart from this argument, Defendant has not submitted any evidence suggesting Plaintiff's consent to the alleged changes made to the premises.

Plaintiff are not limited to "improvements" or "alterations," but include conditions requiring repair, such as "damaged ceiling tiles," "damage to the wall where [Defendant] covered up holes drilled for air conditioning units [Defendant] installed," and a malfunctioning "window lock." *See* Choi's Decl. at 1–3. Accordingly, the Court finds Defendant's argument that Plaintiff consented to all complained-of conditions unavailing and does not warrant partial summary judgment.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Partial Summary Judgment. The Court shall hold a status hearing on **May 12, 2026 at 9:15 A.M.**

**SO ORDERED** this 3rd day of April, 2026.

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

8